UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 18-882-MWF (AFMx)** **Date: April 9, 2018**

Title: Monica Rene Hall, et al. v. JPMorgan Chase, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Relief Deputy Clerk: Cheryl Wynn

Court Reporter: Not Reported

Attorneys Present for Plaintiff: None Present

Attorneys Present for Defendant: None Present

**Proceedings (In Chambers):** ORDER RE: DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) [7]; MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) BY DEFENDANTS SPS, MERS, AND U.S. BANK AS TRUSTEE [14]; DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS [36]; AND PLAINTIFFS' VARIOUS FILINGS [9] [11] [13] [28]

Before the Court are three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6):

First, there is a Motion to Dismiss Complaint Pursuant to FRCP Rule 12(b)(6) filed by Defendant JPMorgan Chase Bank, N.A. ("Chase") (erroneously sued as JPMorgan Chase) on February 9, 2018. (the "Chase Motion") (Docket No. 7).

Second, there is a Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6) filed, on February 21, 2018, by Defendants Select Portfolio Servicing, Inc. ("SPS") (erroneously sued as Select Portfolio Servicing), Mortgage Electronic Registration Systems, Inc. (erroneously sued as MERS), and U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank, National Association as Trustee for Washington

Mutual Asset-Backed Certificates WMABS Series 2006-HE2 Trust ("U.S. Bank") (erroneously sued as USBank NA). (the "SPS Motion") (Docket No. 14).

Third, there is a Motion to Dismiss filed by Defendant Bank of America, N.A. ("BofA") on March 27, 2018. (the "BofA Motion") (Docket No. 36).

The Chase Motion and the SPS Motion were scheduled to be heard on March 26, 2018. The Court read and considered the papers on these Motions and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore vacated and removed from the Court's calendar.

The BofA Motion is noticed to be heard on April 30, 2018. The Court read and considered the papers on the BofA Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. That hearing is therefore **VACATED** and removed from the Court's calendar.

Before the Court are also four filings by Plaintiffs:

First, there is a "Motion to Remand Case Back to State Court Due to Its Nonmovable USC 28 1447." (the "Motion to Remand") (Docket No. 9).

Second, there is "A (writ) of mandamus identity theft take back by the Plaintiffs david jr hall monica rene hall." (the "First Mandamus Petition") (Docket No. 11).

Third, there is "Motion to Disqualify Legal Counsel & Law Firm for Slander." (the "Motion to Disqualify") (Docket No. 13).

Fourth, there is a "Writ Mandamus Order of 11rule [sic] Sanctions and Support of All Motions, Summary Judgement [sic] Case Must Be Remanded ASAP Defendants All Served Failed to Follow Own Rules and Laws Failed to Check 11 Articles I, II, III, IV, V, VI, Discrimination." (the "Second Mandamus Petition") (Docket No. 28).

The Motion to Remand, the First Mandamus Petition, and the Motion to Disqualify were scheduled to be heard on March 26, 2018. The Court read and considered the papers on these items and deemed the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore vacated and removed from the Court's calendar.

Similarly, while Plaintiffs did not notice the Second Mandamus Petition to be heard on any particular date, the Court has read and considered this Petition and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth below, the various pending motions and other items are disposed of as follows:

- The Chase Motion and the SPS Motion are both **GRANTED *with leave to amend***, on the basis that Plaintiffs' Complaint is essentially indecipherable and does not comply with Federal Rule of Civil Procedure 8;

- The BofA Motion is **DENIED *as moot***, on the basis that Plaintiff has voluntarily dismissed BofA from this action without prejudice;

- The Motion to Remand is **DENIED**, as this Court has federal-question and supplemental jurisdiction over this action and Chase's removal was timely and otherwise procedurally proper;

- The First Mandamus Petition and the Second Mandamus Petition are both **DENIED**, as Plaintiffs have not displayed that they are entitled to a writ of mandamus; and

- The Motion to Disqualify is **DENIED**, as the Court can discern no basis for disqualifying any of the Defendants' counsel.

## I. BACKGROUND

Plaintiffs initiated this action against Defendants on December 28, 2017 by filing a "Complaint" and a "Notice of Claim" in the Los Angeles County Superior Court. (Docket No. 1-6). Plaintiffs' "Complaint" is essentially an introduction to Plaintiffs' lawsuit without any numbered paragraphs or anything resembling factual allegations or claims for relief. Plaintiffs' "Notice of Claim," though rambling and indecipherable (as discussed further below), more closely resembles a complaint in that it contains some numbered paragraphs (some spanning up to six pages) and purports to assert claims for relief (*e.g.*, under the Truth In Lending Act and the Fair Debt Collection Practices Act). The Court thus refers to Plaintiffs' Notice of Claim as their Complaint.

Chase removed the action on February 2, 2018, invoking this Court's federal-question jurisdiction as to Plaintiffs' putative claims for relief under federal statutes and the Court's supplemental jurisdiction over Plaintiffs' putative state law claims. (*See* Notice of Removal (Docket No. 1) ¶¶ 2-4). Chase's removal was timely because, as of the date of removal, Plaintiffs had not properly served any of the Defendants (Chase learned of the lawsuit only because it received the Summons, "Complaint" and "Notice of Claim" by mail – and only mail); the timely-removal clock had therefore not begun running. (*Id.* ¶¶ 1, 17).

As far as the Court can tell, the crux of Plaintiffs' Complaint appears to be that one or more of the Defendants (it is not clear which) have wrongfully foreclosed and/or threatened to foreclose upon real property in Quartz Hill, California that Plaintiffs now occupy or once occupied. The basis for Plaintiffs' contention that the foreclosure or threatened foreclosure is/was wrongful appears to be that (1) Plaintiffs never actually signed the underlying mortgage in 2005; (2) that one or both Plaintiffs have been the victims of identity theft at unspecified times at the hands of unspecified perpetrators; (3) that one or more Defendants, at unspecified times, failed to adequately disclose unspecified terms of the mortgage; and/or (4) that Plaintiffs' mortgage has been securitized and one or more Defendants have, at unspecified times, failed to establish the chain of assignments to Plaintiffs' satisfaction.

The Complaint sets forth seven putative claims for relief: (1) "identity theft"; (2) "fraud no contract"; (3) "fraud forgery"; (4) "deed fraud"; (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*.; (6) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; and (7) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## II. DEFENDANTS' MOTIONS TO DISMISS

### A. Legal Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

Fraud-based allegations are governed by Rule 9(b). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge[.]" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted). Under Rule 9(b), fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Such averments must be specific enough to "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

**B. The Chase Motion and the SPS Motion**

While Chase, SPS, MERS, and U.S. Bank make an effort to argue that Plaintiffs' claims must be dismissed on statute of limitations grounds and because they are substantively nonviable, SPS, MERS, and U.S. Bank also correctly argue that the Complaint should be dismissed in its entirety under Federal Rule of Civil Procedure 8.

Rule 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A court may dismiss a complaint "for failure to satisfy Rule 8 if it is so confusing that 'its true substance, if any, is well disguised.'" *Bailey v. BAC Home Loan Serv., LP*, No. CV 11-648-LEK (BMKx), 2012 WL 589414, at *1 (D. Haw. Feb. 12, 2012) (quoting *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). Indeed, the Ninth Circuit has affirmed dismissal of excessively long, redundant, and confusing complaints for failure to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Carrigan v. Cal. State Legislature*, 263 F.2d 560, 566 (9th Cir. 1959) (affirming dismissal of a complaint describing plaintiff's thoughts, worries, hearsay conversations, frustrations and difficulties with doctors and insurance companies, and medical reports); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 675 (9th Cir. 1981) (affirming dismissal of complaint that was "verbose, confusing and almost entirely conclusory"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming district court's dismissal of complaints that "exceeded 70 pages in length, were confusing and conclusory, and not in compliance with Rule 8");

District Courts regularly dismiss complaints containing indecipherable claims for relief. *See, e.g.*, *United States ex rel. Mateski v. Raytheon Co.*, No. CV 06-3614-ODW (KSx), 2017 WL 1954942 (C.D. Cal. Feb. 10, 2017) (dismissing with leave to amend 134-page, indecipherable complaint); *Adams v. California*, No. CV 02-5419-CRB, 2003 WL 202638, at *3 (N.D. Cal. Jan 24, 2003) (dismissing claims with prejudice where "Plaintiff has not stated a coherent claim against any of the

defendants”); *George v. Dutcher*, No. CV 16-679-RCJ (VPCx), 2017 WL 1393064, at *2 (D. Nev. Feb. 28, 2017) (“[P]laintiff’s largely incomprehensible narrative makes it nearly impossible for the court to identify the factual or legal basis for her claims or the nature of her requested relief.”).

Here, it is impossible to tell from Plaintiffs’ Complaint which Defendant(s) allegedly did what when, or how any of the Defendants’ alleged conduct might be unlawful. This is because Plaintiffs’ Complaint is essentially a stream-of-consciousness amalgamation of disparate grievances and conspiracy theories. For example, Plaintiffs’ Complaint contains confusing, untethered, and extraneous allegations that:

- One or more Defendants “[h]acked & spied – and watched monica rene hall and david jr hall every move [sic],” evidenced by, *inter alia*, Chase paying Plaintiffs’ local taxes sometime in November or December 2016 after Plaintiffs had discussed their past-due taxes with the “Las Angeles County Tax Accessor [sic].” (Complaint at 4:18 – 5:6).

- Non-party law firms in San Diego and Atlanta worked with Chase or one of its affiliates to “create a credit card debt … of david jr hall and his company Dave Beano Designs Apparel Wear & Jeans …” (*Id.* at 6:7-18).

- “A cyberattack this summer on JPMorgan Chase – compromised the accounts of 76 million households and seven million small businesses…” (*Id.* at 7:14-15).

- “JPMorgan Chase knew [Plaintiffs’] plans to move to Atlanta and … used this to track [Plaintiffs] and [their] moves.” (*Id.* at 7:16-17).

- A notary named Keeley Garth, who “had on her facebook and linked websites that she did graphic art via photoshop and other graphic design

programs," "is alleged to have forged the signatures upon the Quite Claim Deed [sic]." (*Id.* at 13:15-19).

- In November 2005, an employee of Mandalay Mortgage LLC named Patricia Thomas "threatened … that she would call the police" if Plaintiff David Hall showed up at her office. (*Id.* at 14:3-6).

It is neither Defendants' nor the Court's responsibility to "expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." *Jacobson v. Schwartzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) (citation omitted) (dismissing complaint with leave to amend for failure to comply with Rule 8).

The Chase Motion and the SPS Motion are therefore **GRANTED *with leave to amend***. The Court will permit Plaintiffs one opportunity to amend their Complaint to remove excessive redundancy, allegations irrelevant to the claims for relief, and conclusory or excessively argumentative allegations. Because the Court concludes that the Complaint fails to meet the requirements of Rule 8, it does not reach Defendants' arguments regarding why the Complaint fails to state each of the seven claims for relief, which in any event are largely directed at the conclusory, vague, and confusing nature of the allegations. Defendants may raise these arguments again in response to Plaintiffs' First Amended Complaint, if there is one.

**C. The BofA Motion**

BofA filed its Motion on March 27, 2018. On March 29, 2018, Plaintiffs voluntarily dismissed BofA from this action without prejudice. (Docket No. 37).

Accordingly, the BofA Motion is **DENIED *as moot***.

## III. PLAINTIFFS' FILINGS

Plaintiffs' Motion to Remand is **DENIED**. The Court has federal-question jurisdiction over Plaintiffs' purported RESPA, TILA, and FCPA claims and supplemental jurisdiction over Plaintiffs' other claims. Additionally, Chase's removal of the action was timely and procedurally proper.

Plaintiffs' First Mandamus Petition and Second Mandamus Petition are both **DENIED**. These purported Petitions are just as convoluted as Plaintiffs' Complaint. To the extent Plaintiffs actually intend to ask this Court to direct some government official to do or refrain from doing something, it is not clear who or what, or why Plaintiffs might be entitled to such relief.

Plaintiffs' Motion to Disqualify is **DENIED**. Plaintiffs have presented no viable grounds for disqualifying any of the Defendants' counsel.

## IV. CONCLUSION

For the foregoing reasons, the pending motions and other items are disposed of as follows:

- The Chase Motion and the SPS Motion are both **GRANTED *with leave to amend***;
- The BofA Motion is **DENIED *as moot***;
- The Motion to Remand is **DENIED**;
- The First Mandamus Petition and the Second Mandamus Petition are both **DENIED**; and
- The Motion to Disqualify is **DENIED**.

Plaintiffs shall file a First Amended Complaint by no later than **April 30, 2018**. Failure to file a First Amended Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure by that date will result in dismissal of this action with prejudice.

IT IS SO ORDERED.